UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO,

Plaintiffs,

v.

SPECTRUM SPECIALTY BUILDERS, INC., a Washington corporation; and DANIEL PRIDEMORE, an individual,

Defendants.

Case No. 2:19-cv-01306

COMPLAINT FOR MONETARY DAMAGES AND FOR EQUITABLE RELIEF

## I. **PARTIES**

1.1    Plaintiff Carpenters Health and Security Trust of Western Washington (the "Health and Security Trust") is a Taft-Hartley trust fund through which the Trustees can create and administer one or more Employee Welfare Benefit Plans, including the provision of hospital, medical, dental, vision, disability or death benefits and any other similar benefits, or any combination thereof, for the Participating Employees on whose behalf the

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    contributions have been paid, and their Beneficiaries.  The Health and Security Trust

2    maintains its principal office in Seattle, King County, Washington.

3         1.2    Plaintiff Carpenters Retirement Trust of Western Washington (the

4    "Retirement Trust") is a Taft-Hartley trust fund through which the Trustees can create and

5    administer one or more Employee Pension Benefit Plans, including the provision of

6    retirement and associated death benefits, for the Participating Employees on whose behalf

7    the contributions have been paid, and their Beneficiaries.  The Retirement Trust maintains

8    its principal office in Seattle, King County, Washington.

9         1.3    Plaintiff Carpenters-Employers Vacation Trust of Western Washington (the

10   "Vacation Trust") is a Taft-Hartley trust fund through which the Trustees can create and

11   administer one or more Employee Welfare Benefit Plans, including the provision of vacation

12   benefits, for the Participating Employees on whose behalf the contributions have been paid,

13   and their Beneficiaries.  The Vacation Trust maintains its principal office in Seattle, King

14   County, Washington.

15        1.4    Plaintiff Carpenters-Employers Apprenticeship and Training Trust Fund of

16   Washington-Idaho ("Apprenticeship and Training Trust") is a Taft-Hartley trust fund

17   established to defray, in whole or in part, costs of apprenticeship or other training programs

18   for the education of apprentices and journeymen carpenters.  The Carpenters Apprenticeship

19   Trust maintains its principal office in Seattle, King County, Washington.

20        1.5    The Plaintiffs are commonly known as and referred to collectively as the

21   Carpenters Trusts of Western Washington (or the "Carpenters Trusts").

22        1.6    Defendant Spectrum Specialty Builders, Inc. ("Spectrum") is a Washington

23   corporation with its principal place of business in Auburn, King County, Washington.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 2
2:19-cv-01306

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1    1.7    Defendant Daniel Pridemore is the owner of Spectrum, who upon

2    information and belief, resides in Auburn, King County, Washington.

3    ## II.  JURISDICTION AND VENUE

4    2.1    This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee

5    Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

6    This Court has supplement jurisdiction on the Carpenters Trusts' conversion claim pursuant

7    to 28 U.S.C. §1367.

8    2.2    Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29

9    U.S.C. §1132(e)(2), and pursuant to agreement between the parties.

10   ## III.  FACTS

11   3.1    On or about December 13, 2004, Daniel Pridemore, identifying himself as

12   "President," executed a Compliance Agreement on behalf of Spectrum with the Union.  The

13   Compliance Agreement incorporates by reference the terms and conditions of *Western and*

14   *Central Washington Area Master Agreement, the United Brotherhood of Carpenters and*

15   *Joiners of America, individual AGC Employers, and individual Compliance Agreement*

16   *Employers*, effective June 1, 2003 (the "AGC Master Labor Agreement").

17   3.2    On or about August 22, 2008, Daniel Pridemore, again identifying himself as

18   "President," executed a second Compliance Agreement on behalf of Spectrum with the

19   Pacific Northwest Regional Council of Carpenters (the "Union").   The Compliance

20   Agreement incorporates by reference the terms and conditions of the *Agreement for the Wall*

21   *& Ceiling Industry between the Pacific Northwest Regional Council of Carpenters and the*

22   *Northwest Wall & Ceiling Contractors Association*, effective June 1, 2007 (the "Wall &

23   Ceiling Master Labor Agreement").

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 3
2:19-cv-01306
1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.3     The Compliance Agreements have evergreen clauses, which continue the agreements year to year unless they are terminated by one of the parties.

3.4     The successor and current AGC Master Labor Agreement in effect is the *2018 – 2021 Agreement between Associated General Contractors of Washington and Carpenters, Piledrivers, and Millwrights of the Pacific Northwest Regional Council of Carpenters United Brotherhood of Carpenters and Joiners of America*, effective June 1, 2018.

3.5     The successor and current Wall & Ceiling Master Labor Agreement in effect is the *Agreement between the Pacific Northwest Regional Council of Carpenters and Northwest Wall & Ceiling Association*, effective June 1, 2016.

3.6     By signing the Compliance Agreements, Spectrum agreed to make fringe benefit contributions to the Carpenters Trusts and be bound by the written terms and conditions of their respective trust agreements.  The Compliance Agreement adopting the Wall & Ceiling Master Labor Agreement states:

    1.     TRUST FUND OBLIGATIONS: It is agreed that the undersigned employer hereby become [sic] a party to the applicable Trust Agreements: The Carpenters Health and Security Trust of Western Washington, the Carpenters Retirement Trust of Western Washington, the Carpenters of Western Washington Individual Account Pension Trust, the Carpenters Vacation Trust of Western Washington, and the Carpenters-Employer's Apprenticeship and Training Trust of Western Washington, where covered by the Labor Agreement.  Employer agrees to be bound by the written provisions, and procedures of said Trust Agreements, and any present or future amendments, or any successor Trust Agreements.

3.7     Similarly, the Compliance Agreement adopting the AGC Master Labor Agreement states:

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 4
2:19-cv-01306

1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

> 3.   TRUST FUND OBLIGATIONS:   The undersigned Employer hereby becomes a party to the applicable Trust Agreements for the trust funds or their successors identified in the designated Labor Agreement.   The Employer agrees to be bound by the written provisions and procedures of said Trust Agreements, and any present or future amendments, and to any successor Trust Agreements…

3.8     Prompt payment of wages and fringe benefit contributions is an essential term of both Compliance Agreements.

3.9     The Carpenters Trusts are beneficiaries under the terms of both Compliance Agreements and the two Master Labor Agreements.

3.10     By executing the Compliance Agreement, as discussed above, Spectrum agreed to the written terms of the trust agreements for the: (i) Carpenters Health & Security Trust of Western Washington; (ii) Carpenters Retirement Trust of Western Washington; (iii) Carpenters-Employers Vacation Trust of Western Washington; and (iv) Carpenters-Employers Apprenticeship and Training Trust Fund of Washington-Idaho.

3.11     Spectrum's obligations under the Health and Security Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Health and Security Trust of Western Washington*, dated January 1, 1998, and as amended.   Effective January 1, 2019, Spectrum's obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Health and Security Trust of Western Washington*.   Under the Health and Security Trust, Spectrum agreed to, among other things:

▪ Submit its reports on or before the 15th day of the calendar month following the month in which the contributions are payable, even if the company had no employees for that period of time;

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.12    Spectrum's obligations under the Retirement Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of the Carpenters Retirement Trust of Western Washington*, dated January 1, 1998, and as amended.   Effective January 1, 2019, Spectrum's obligations are set forth in Article IX, Sections 9.01 – 9.07 of the *Trust Agreement Governing the Carpenters Retirement Trust of Western Washington*.  Under the Retirement Trust, Spectrum agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time;  and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.13    Spectrum's obligations under the Vacation Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-*

COMPLAINT FOR MONETARY DAMAGES AND FOR EQUITABLE RELIEF – 6
2:19-cv-01306

1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

*Employers Vacation Trust of Western Washington*, dated January 1, 1998, and as amended. Effective January 1, 2019, Spectrum's obligations are set forth in Article IX, Sections 9.01 – 9.06 of the *Trust Agreement Governing the Carpenter-Employers Vacation Trust of Western Washington*. Under the Vacation Trust, Spectrum agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of not less than seven percent (7%), at a rate set by the trustees from time to time; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.14    Spectrum's obligations under the Apprenticeship and Training Trust are set forth in Article II, Sections 8 – 13, and Article IV, Section 17 of the *Revised Trust Agreement of Carpenters-Employers Apprenticeship and Training Trust Fund of Western Washington*, dated January 1, 1998, and as amended. Under the Apprenticeship and Training Trust, Spectrum agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 7
2:19-cv-01306
1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

- Payment of interest of not less than seven percent (7%); and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.15    Upon information and belief, following execution of the Compliance Agreements, Spectrum used employees to perform work subject to the Wall & Ceiling and AGC Master Labor Agreements.  Spectrum also began its monthly reporting and payment of fringe benefit contributions to the Carpenters Trusts.

3.16    In August 2018, Spectrum fell behind in its obligations to remit fringe benefit contributions to the Carpenters Trusts.

3.17    On April 16, 2019, Spectrum executed an installment payment plan under which it would pay down its August 2018 – March 2019 delinquency over the next twelve months.

3.18    Spectrum did not make any payments under the installment payment plan. Spectrum submitted unfunded remittance reports for the months of April 2019 through June 2019.  Small payments towards the delinquency have been collected by way of joint check with Spectrum's general contractors.

3.19    On July 1, 2019, the Carpenters Trusts provided Spectrum with written notice of breach of the installment payment plan.  Spectrum had until Tuesday, July 9, 2019 in which to cure its breach of the installment payment plan.

3.20    Spectrum did not cure its breach of the installment payment plan.

3.21    Spectrum has not provided the Carpenters Trusts with its remittance reports for July 2019.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 8
2:19-cv-01306
1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

3.22    As of today, Spectrum owes the Carpenters Trusts at least $100,418.34. Specifically, Spectrum owes $85,524.17 in delinquent and unpaid fringe benefit contributions for August 2018 through November 2018, January 2019 through June 2019. Spectrum owes the Carpenters Trusts, $10,807.04 in liquidated damages, $5,087.13 in accrued, pre-judgment interest due to non- or late-payment, plus additional amounts for attorney fees and costs for the entire delinquency period.   Because Spectrum has not submitted remittance reports for July 2019, the amount of contributions owed for that month is unknown.

## IV.  CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.2    Spectrum's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Compliance Agreements and the Master Labor Agreements between the Union and Spectrum, to which the Carpenters Trusts are beneficiaries.   Spectrum's failure to fully pay fringe benefit contributions it reported also constitutes breaches of the Trust Agreements, the terms of which Spectrum agreed to when it signed the Compliance Agreements.

4.3    As a result of Spectrum's breach, the Carpenters Trusts have been damaged in an amount to be proven at trial, but not less than $85,524.17 in delinquent fringe benefit contributions, plus other ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 9
2:19-cv-01306

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

1700 003 uh161901

## Second Cause of Action
### (Violation of ERISA)

4.4     The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 –
3.22 above.

4.5     Spectrum's failure to report and pay fringe benefit contributions constitutes a
violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6     As a result of Spectrum's violation, the Carpenters Trusts have been damaged
in an amount to be proven at trial, but not less than $85,524.17 in delinquent fringe benefit
contributions, plus other ancillary charges including liquidated damages, prejudgment
interest, attorney fees, and costs of collection.

## Third Cause of Action
### (Breach of Fiduciary Duty)

4.7     The Carpenters Trusts reallage each and every allegation contained in ¶¶3.1 –
3.22 above.

4.8     As the owner, Defendant Daniel Pridemore is responsible for Spectrum's
reporting and payment of fringe benefit contributions to the Carpenters Trusts.

4.9     Defendant Daniel Pridemore, for purposes of ERISA, is a fiduciary of trust
fund assets, because he exerted control over employee deductions withheld for payment to
the Carpenters Trusts.

4.10    Defendant Daniel Pridemore has failed to turn over trust fund assets,
consisting of $4,347.50 in employees' vacation pay to the Carpenters Trusts, despite
demand.

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 10
2:19-cv-01306
1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4.11    Defendant Daniel Pridemore's failure to remit trust fund assets is a breach of fiduciary duty under ERISA, and has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $4,347.50.

**Fourth Cause of Action**
**(Conversion)**

4.12    The Carpenters Trusts reallege each and every allegation contained in ¶¶3.1 – 3.22 above.

4.13    Defendant Daniel Pridemore withheld dues from Spectrum's employee paychecks pursuant to the terms of the Master Labor Agreements.   However, Daniel Pridemore did not remit them to the Carpenters Trusts' administration office with the company's monthly reports.

4.14    Defendant Daniel Pridemore's actions were performed for and benefitted Spectrum, and give rise to a cause of action for conversion.

4.15    Defendant Daniel Pridemore's failure to remit employee dues deductions to the Carpenters Trusts' administration office has damaged the Carpenters Trusts in an amount to be determined at trial, but not less than $7,084.92.

## V.  REQUESTED RELIEF

The Plaintiff Carpenters Trusts respectfully request the Court grant the following relief:

A.     Judgment in favor of the Carpenters Trusts against Spectrum, in an amount to be determined at trial, but not less than $84,524.17, representing past-due and delinquent fringe benefit contributions owed by defendant pursuant to the terms of the labor and trust agreements to which Spectrum is a party;

B.     Judgment in favor of the Carpenters Trusts against Spectrum, in an amount to be determined at trial, but not less than $10,807.04, representing liquidated

COMPLAINT FOR MONETARY DAMAGES AND FOR
EQUITABLE RELIEF – 11
2:19-cv-01306
1700 003 uh161901

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

damages owed by defendant pursuant to the terms of the labor and trust agreements to which Spectrum is a party;

C.   Judgment in favor of the Carpenters Trusts against Spectrum, in an amount to be determined at trial, but not less than $5,087.13, representing accrued prejudgment interest owed by defendant pursuant to the terms of the labor and trust agreements to which Spectrum is a party;

D.   Judgment against Daniel Pridemore individually, for joint and several liability with Spectrum for $11,432.42, representing $4,347.50 in employees' vacation pay and $7,084.92 in employees' union dues withheld from employee paychecks but not remitted to the Carpenters Trusts.

E.   Entry of an order compelling Spectrum to provide the Carpenters Trusts with its delinquent July 2019 remittance reports and compelling Spectrum to timely provide the company's remittance reports going forward;

F.   Judgment in favor of the Carpenters Trusts against Spectrum, in an amount to be determined at trial, for the amount of fringe benefit contributions reported on the company's July 2019 remittance reports, plus liquidated damages and other ancillary charges incurred as a result of Spectrum's delinquency for that and any subsequent month;

G.   An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Spectrum is a party, and as authorized under ERISA;

H.   An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

I.   Any other such relief under federal law or as is just and equitable.

Dated: August 19, 2019.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, WSBA #33503
McKENZIE ROTHWELL BARLOW
  & COUGHRAN, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@mrbclaw.com

Counsel for the Carpenters Trusts of Western Washington

McKENZIE ROTHWELL
BARLOW & COUGHRAN, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900