HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARPENTERS HEALTH AND SECURITY TRUST OF WESTERN WASHINGTON; CARPENTERS RETIREMENT TRUST OF WESTERN WASHINGTON; CARPENTERS-EMPLOYERS VACATION TRUST OF WESTERN WASHINGTON; and CARPENTERS-EMPLOYERS APPRENTICESHIP AND TRAINING TRUST FUND OF WASHINGTON-IDAHO, <br><br>Plaintiffs, <br><br>v. <br><br>SPECTRUM SPECIALTY BUILDERS, INC., a Washington corporation; and DANIEL PRIDEMORE, an individual, <br><br>Defendants. | Case No. 19-cv-01306-RAJ <br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

This matter is before the Court on Plaintiffs' motion for default judgment against Defendants Spectrum Specialty Builders, Inc. ("Spectrum") and Daniel Pridemore. Dkt. # 10. On August 22, 2019, Spectrum and Mr. Pridemore were both served with a summons and copy of the complaint. Dkt. ## 5, 6. Defendants did not appear or otherwise respond. On September 18, 2019, the Court entered an order of default against

ORDER – 1

both Defendants.  Dkt. # 9.  Plaintiffs now move for default judgment.  For the following reasons, the Court **DENIES** the motion without prejudice.

At the default judgment stage, the court presumes all well-pleaded factual allegations are true, except those related to damages.  *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir. 1987)*; see also Fair House. of Marin v. Combs,* 285 F.3d 899, 906 (9th Cir. 2002).  But defaulting defendants are not "held to admit facts that are not well-pleaded or to admit conclusions of law."  *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007).  Simply parroting the language of a statute, for example, provides only legal conclusions, which are not admitted by default.  *Id*.  Where the facts establish a defendant's liability, the Court has discretion, not an obligation, to enter a default judgment.  *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). The plaintiff must submit evidence supporting a claim for a particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).  If the plaintiff cannot prove that the sum it seeks is "a liquidated sum or capable of mathematical calculation," the Court must hold a hearing or otherwise ensure that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

With respect to the claims against Mr. Pridemore, Plaintiffs' motion leaves much to be desired.  Plaintiffs assert two claims against Mr. Pridemore personally for breach of fiduciary duty and conversion.  Dkt. # 1 at ¶¶ 4.7–4.15.  And yet Plaintiffs' motion for default judgment barely addresses these claims, asserting in conclusory fashion that Mr. Pridemore is liable, without reference to the relevant statutes, case law, or the supporting factual allegations.  *See* Dkt. # 10 at 9.  As this Court previously explained to Plaintiffs, this is insufficient.  *See Carpenters Health & Security Trust of W. Wash. v. GHL Architectural Millwork, LLC*, No. 2:19-cv-01030-RAJ (W.D. Wash. May 11, 2020) (Dkt. # 14).  On this record, the Court simply cannot conclude that Mr. Pridemore should be held personally liable for Plaintiffs' damages related to withheld vacation contributions

ORDER – 2

and dues.

Although courts have discretion to enter default judgment as to fewer than all defendants, the general rule is that a judgment should not be entered against a defaulting party who is alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *See* Fed. R. Civ. P. 54(b); *see also Frow v. De La Vega,* 552, 82 U.S. 552, 554 (1872). Accordingly, the Court declines to enter default judgment against either defendant at this point in time. Plaintiffs' motion for default judgment is **DENIED** without prejudice to refiling. Dkt. # 10. Any renewed motion should state the elements of each cause of action and how the specific factual allegations support each claim against each defendant.

Dated this 21st day of May, 2020.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge

_____

ORDER – 3